UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Douglas J. Raymond,

    Plaintiff,

v.

Maureen O'Connor, et al.,

    Defendants.

Case No. 2:11–cv–819

Judge Michael H. Watson

## OPINION AND ORDER

Plaintiff Douglas J. Raymond ("Raymond" or "Plaintiff") brings this action under 42 U.S.C. § 1983 against Defendants, all of whom are Justices of the Ohio Supreme Court, asserting Defendants' procedures governing admission to the Ohio bar without taking the Ohio bar examination are unconstitutional because they violate the Fourteenth Amendment right to due process and equal protection, as well as the privileges and immunities clause of the U.S. Constitution. Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6). Mot. Dismiss, ECF No. 66. For the following reasons, the Court **GRANTS** Defendants' motion and dismisses this action with prejudice.

## I. BACKGROUND

Raymond holds a license to practice law in Colorado and was previously admitted to the Michigan and Missouri bars without examination. In 2005, Raymond applied to become a member the Ohio bar without examination. The Ohio Supreme Court Justices, exercising their "sole discretion" pursuant to the Rules for the Government of the Bar of Ohio, denied Raymond's application without providing any explanation. Raymond, who is now in the process of re-applying, brought this action against Defendants challenging the constitutionality of Defendants' "rules, regulations,

policies, procedures, and practices" governing the admission to the practice of law in Ohio without examination. Raymond maintains he meets all requirements for admission to the Ohio bar without examination.

## II. STANDARD OF REVIEW

A claim survives a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555–56 (internal citations omitted).

A court must "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002) (citing *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998)). To survive a Rule 12(b)(6) motion, however, a plaintiff's complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 677 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). The Court must read *Twombly* in conjunction with Federal Rule of Civil Procedure 8(a)(2), which

requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

"[A] naked assertion . . . gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility . . . ." *Twombly*, 550 U.S. at 557. Thus, "something beyond a mere possibility of [relief] must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Id.* at 557–58 (internal citations omitted).

## III. DISCUSSION

Defendants argue Raymond's complaint should be dismissed because the procedures governing admission to the Ohio bar without examination do not infringe any of Raymond's constitutional rights. Raymond contends Defendants' procedures violate the Due Process Clause of the Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Privileges and Immunities Clause of Article IV, § 2.

Plaintiff's claims implicate Rule I(9) of the Rules for the Government of the Bar of Ohio which governs admission to the practice of law in the State of Ohio without examination. Subsection (F)(1) of that rule provides:

The Court shall review the application and *in its sole discretion shall approve or disapprove the application.* In reaching its decision, the Court shall consider both of the following:

(a) Whether the applicant has met the requirements of division (A) of this section;

(b) Whether the applicant's past practice of law is of such character, description and recency as shall satisfy the Court that the applicant currently possesses the legal skills deemed adequate for admission to the practice of law in Ohio without examination.

Rule I(9)(F)(1) of the Rules for the Government of the Bar of Ohio (emphasis added).

## A. Due Process

Defendants argue their procedures for admission to the Ohio bar without examination do not violate the Due Process Clause of the Fourteenth Amendment because Raymond has no protected interest in admission to the Ohio bar *without examination*. Raymond contends Defendants' procedures violate the Due Process Clause of the Fourteenth Amendment because: (1) he has a property interest in admission to the practice of law; (2) Defendants' procedures damage his professional reputation and right to pursue a lawful career, thereby infringing his liberty interest; and (3) Defendants denied his application without affording Plaintiff procedural due process in the form of notice, hearing, and explanation.

### 1. Property Interest

The Due Process Clause of the Fourteenth Amendment states: "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV. The Due Process Clause "guarantee[s] . . . fair procedure in connection with any deprivation of life, liberty, or property by a State." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125 (1992).

Raymond lacks a protected property interest in gaining admission to the Ohio bar *without examination*. His only interest that is protected by due process and relevant to this case is in not being *completely* excluded from admission to the Ohio bar. *See Willner v. Comm. on Character & Fitness*, 373 U.S. 96, 102 (1963) (finding due process violation where state excluded person from practicing law); *Schware v. Bd. of Bar Exam. of N.M.*, 353 U.S. 232, 246 (1957) (finding due process violation where state bar

completely prevented applicant from sitting for bar based on insufficient evidence of moral unfitness); *Goldsmith v. Board of Tax Appeals*, 270 U.S. 117, 123 (1926) (finding due process violation where applicant to Board of Tax Appeals was completely excluded from practice with no alternative means to gain admission). Raymond is not completely excluded from admission to the Ohio bar. He may still take and pass the bar exam as most other practicing Ohio lawyers have.

Raymond cites *Goldsmith* to support his argument that he has a protected property interest in admission to the Ohio bar without examination. But, as Defendants correctly note and as noted above, *Goldsmith* found a protected property interest only in a plaintiff's complete exclusion from his profession. In *Goldsmith* a CPA applied to practice before the Board of Tax Appeals, and the Board, using its discretion, denied him admission and did not explain why. The Court found it would be unconstitutional to completely exclude him from practice without providing notice and opportunity for the Board to hear him. Raymond is in a fundamentally different position than the CPA in *Goldsmith*, who had no other way to gain admission to the practice to which he was applying. Raymond can take the Ohio bar exam. Therefore, *Goldsmith* does not support Raymond's due process claim.

Raymond has not cited authority for the proposition that admission to the Ohio bar *without examination* implicates a constitutionally protected liberty interest. In the absence of such authority, the Court declines to recognize a new liberty interest, especially considering Raymond is not completely foreclosed from becoming a member of the Ohio bar. He need only take and pass the Ohio bar examination.

In sum, Raymond has not pleaded facts sufficient to support a deprivation of property without due process of law.

## 2. Liberty Interest

Raymond also asserts Defendants' procedures infringe a liberty interest protected by the Due Process Clause by damaging his right to practice *pro hac vice* and professional reputation.

There is no constitutional right to appear *pro hac vice* in a state court. *Supreme Court of New Hampshire v. Piper*, 470 U.S. 274, 277 n. 2 (1985) (citing *Leis v. Flynt*, 439 U.S. 438, 442 (1979) (*per curiam*) (reversing a Sixth Circuit decision and holding that an out-of-state lawyer's right to appear *pro hac vice* in an Ohio court was not protected by the Due Process Clause of the Fourteenth Amendment)). *Pro hac vice* admission is a privilege that lies entirely within a court's discretion. *D.H. Overmyer Co., Inc. v. Robson*, 750 F.2d 31, 33–34 (6th Cir. 1984) (interpreting *Leis*, 439 U.S. at 499, as holding "an attorney's interest in appearing *pro hac vice* [does] not constitute a liberty or property right under the Constitution" and explaining that "a court has the inherent authority to determine who shall be granted the privilege of appearing before it"). Raymond has no protected liberty interest in appearing *pro hac vice* in Ohio. Therefore, even if Defendants' procedures damage Raymond's ability to appear *pro hac vice*, that would not be a plausible basis to support Raymond's liberty interest claim.

Raymond contends *Leis v. Flynt*, 439 U.S. at 441 (1979), is inapplicable to this case. He seems to argue that, even though he has no right to appear *pro hac vice*, Ohio must provide him due process in determining whether to admit him to the practice of law. Raymond is correct that Ohio must provide due process to Ohio bar applicants.

But due process protections do not logically extend (as Raymond implies) to an attorney's application for admission to the Ohio bar *without examination*. *Leis* clarifies that due process protections are not implicated simply because Raymond has been denied the privilege to appear *pro hac vice* before Ohio courts. *Leis*, 439 U.S. at 499. *Leis* is very much applicable to this case.

Raymond also contends Rule XII(2)(A)(2) of the Supreme Court Rules for the Government of the Bar of Ohio violates due process by operating to revoke his *pro hac vice* admission status when it has previously been granted on forty three prior occasions. That rule provides: "[a] tribunal shall not grant permission to appear pro hac vice to an attorney who has . . . been denied admission without examination . . . ."

Raymond's argument relies heavily on the proposition that "once [*pro hac vice*] status is granted, attorneys must receive some modicum of due process before it is revoked." *Belue v. Leventhal*, 640 F.3d 567, 577 (4th Cir. 2011). The cases Raymond cites for this proposition are inapposite, however. In *Belue*, the Fourth Circuit held only that an attorney who had previously been admitted pro hac vice *in a particular case* was entitled to "some modicum" of due process before the court revoked his *pro hac vice* status. *Id.* The key distinction is that the attorney in *Belue* was admitted *pro hac vice* in that specific case and then subsequently ousted in the midst of the litigation. *See also Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1109–10, 1113 (9th Cir.2005) (explaining due process was required before revoking attorney's *pro hac vice* status in that specific case); *Martens v. Thomann*, 273 F.3d 159, 175 (2d Cir.2001); *Kirkland v. Nat'l Mortgage Network, Inc.*, 884 F.2d 1367, 1371 (11th Cir.1989) (same); *Johnson v. Trueblood*, 629 F.2d 302, 303 (3d Cir. 1980) (same). Although Raymond has been admitted to practice

*pro hac vice* in Ohio on prior occasions, Defendants did not oust Raymond as counsel in the middle of any particular case. Therefore, none of the cases Raymond cites are on point.

Raymond also contends Defendants' denial of his application infringed his liberty interest in his professional reputation, because he must now disclose the denial to his legal malpractice insurance carrier and to the supreme court of any other states to which he applies for admission to practice law in the future. Raymond has a protected liberty interest in his "reputation, good name, honor, and integrity" and in his "free[dom] to move about, live, and practice his profession without the burden of an unjustified label of infamy." *Fox v. Corrigan*, 161 F. App'x 522, 525 (6th Cir. 2005) (quoting *Joelson v. United States*, 86 F.3d 1413, 1420 (6th Cir.1996)). To prove a constitutional deprivation, Raymond must "demonstrate stigmatizing governmental action which so negatively affects his or her reputation that it effectively forecloses the opportunity to practice a chosen profession." *Fox*, 161 F. App'x at 525 (quoting *Roth*, 408 U.S. at 573–74).

Raymond has not pleaded sufficient facts supporting a constitutional deprivation concerning his professional reputation. In *Fox*, the Sixth Circuit dismissed a liberty interest claim brought by a retired Michigan state judge against the Michigan Supreme Court following the Michigan Supreme Court's rejection of the Michigan judge's visiting assignment, because the Michigan judge failed specifically to allege how his reputation was publicly damaged or how his rejection would become known to the public. The same grounds for dismissal apply here—Raymond's allegations do not specify how his reputation will be damaged or become known to the public. They only vaguely suggest

that his insurance carrier and other state Supreme Courts will discover his rejection.

Such vague and conclusory allegations were insufficient to state to a constitutional

violation in *Fox*, and they do not suffice here either. *See also Leis*, 439 U.S at 442–43

(rejecting a similar due process claim asserting speculative reputational harm brought

by a bar applicant against the Ohio Supreme Court following his failure to gain

admission to the Ohio bar).

Raymond has not pleaded facts sufficient to support a constitutional deprivation

of a protected property or liberty interest. Defendants are therefore entitled to dismissal

of Raymond's due process claims.

## B. Equal Protection

Defendants argue their procedures for admission to the Ohio bar without

examination do not violate the Equal Protection Clause of the Fourteenth Amendment

because: (1) Raymond is not a member of a suspect class; (2) admission to the Ohio

bar without passing the Ohio bar examination is not a fundamental right; and (3)

Defendants have a rational basis for procedures regarding who may be admitted to the

Ohio bar without examination. Raymond contends Defendants' failure to state a reason

why they denied his application prevents him from proving that his application was

denied because he is a member of a suspect class or his exercise of a fundamental

right and that he is therefore entitled to discovery before his claims may be dismissed.

Raymond also contends Defendants' rule for admission to the Ohio bar without

examination, which grants Defendants sole discretion to grant or deny applications with

no statement of reasons, bears no rational relation to the Defendants' state interest in

admitting to the practice of law only applicants shown to have "fitness and capacity to practice law."

Unless Raymond shows that his denial is based on "a suspect criteria or the impairment of a fundamental right," Ohio's procedures will be deemed constitutional if they are rationally related to a valid state objective. *Bashir v. Supreme Court of Ohio*, 501 F. Supp. 288, 291 (S.D. Ohio 1980) aff'd, 652 F.2d 641 (6th Cir. 1981) (citing *Schware v. Board of Bar Examiners*, 353 U.S. 232 (1959)).

The complaint does not plead any facts to suggest Defendants made a classification based on suspect criterion, such as race, religion, or national origin. And Raymond's status as a non-resident of the State of Ohio does not make him a member of a suspect class. Neither does the complaint plead facts sufficient to show that Defendants denied Raymond a fundamental right, such as his right to free speech or to petition the government for the redress of grievances.

Raymond has been treated no differently than most other attorneys who practice law in Ohio who were required to pass the bar exam. Because he cannot demonstrate a suspect classification or fundamental right at issue, the only question is whether Defendants' procedures have a rational relationship with a valid Ohio interest. Ohio has a significant interest in determining whether bar applicants have the character and fitness to practice law. *Bashir v. Supreme Court of Ohio*, 501 F. Supp. 288, 291 (S.D. Ohio 1980) *aff'd*, 652 F.2d 641 (6th Cir. 1981) (citing *In re Griffiths*, 413 U.S. 717 (1973)). Ohio must be allowed to set high standards of qualification to its bar as an "incident to [its] broader responsibility for keeping the administration of justice and the standards of professional conduct unsullied." *Ross v. Reda*, 510 F.2d 1172, 1173 (6th

Cir. 1975) (quoting *Cohen v. Hurley*, 366 U.S. 117, 123-24, 81 S.Ct. 954, 958, 6 L.Ed.2d 156 (1961) (internal quotation marks omitted)). Because Ohio's written bar exam tests the skills and knowledge that are logically related to the skills needed to practice law, a rule requiring that Raymond or others take the written bar exam before being admitted to practice in Ohio has a rational basis. Therefore, Raymond's equal protection claim will be dismissed.

## C. Privileges and Immunities

Defendants argue their procedures do not violate the Privileges and Immunities Clause of Article IV, § 2 because Rule I(9) does not treat Ohio residents any differently than similarly situated non-residents. Raymond contends Defendants' procedures violate the Privileges and Immunities clause because they discriminate against non-residents of Ohio without a substantial reason for the discrimination and without a substantial relationship between the discrimination and Ohio's objective.

The Privileges and Immunities Clause states: "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." U.S. Const., Art. IV, Section 2. The United States Supreme Court has explained, "the Privileges and Immunities Clause bars discrimination against citizens of other States where there is no substantial reason for the discrimination beyond the mere fact that they are citizens of other States." *Lunding v. New York Tax Appeals Tribunal*, 522 U.S. 287, 298 (1998) (quoting *Toomer v. Witsell*, 334 U.S. 385, 396 (1948)). Application of the privileges and immunities clause to a state's act of discrimination involves two steps. *United Bldg. and Constr. Trades Council of Camden Cnty. and Vicinity v. Council of the City of Camden*, 465 U.S. 208, 218 (1984). First, the court must determine whether the

challenged act of discrimination burdens a privilege or immunity protected by the clause. *Alerding v. Ohio High Sch. Athletic Ass'n*, 779 F.2d 315, 316 (6th Cir. 1985) (citing *Camden*, 465 U.S. at 218). Second, the court must consider: (1) whether there is a "substantial reason" for the discrimination; and (2) whether the discrimination is substantially related to the state's objective in enacting the discriminatory measure. *Id.*

It is implicit in this two-part test that a state actually discriminates in some fashion against out-of-state residents, and that is why Raymond's privileges and immunities claim fails. The Ohio Supreme Court's procedures for admission to the bar without examination do not discriminate against nonresidents. They instead permit the Ohio Supreme Court to exercise its "sole discretion" over *any* attorney who seeks admission to the Ohio bar without examination—residents and nonresidents alike.

The cases Raymond relies on do not show Ohio discriminates against nonresidents. The rule held unconstitutional in *Supreme Court of New Hampshire v. Piper*, 470 U.S. 274, 277 (1985), explicitly excluded nonresidents from the New Hampshire bar. Similarly, the rule held unconstitutional in *Supreme Court of Virginia v. Friedman*, 487 U.S. 59 (1988), expressly required that all applicants be permanent Virginia residents.

In short, the Ohio Supreme Court rule at issue does not discriminate against nonresidents and consequently does not violate the privileges and immunities clause. Therefore, Raymond's privileges and immunities claim will be dismissed.

## IV. DISPOSITION

For the reasons stated above, the Court **GRANTS** Defendants' motion to dismiss. ECF No. 10.

The Clerk shall enter final judgment in favor of Defendants, and against Plaintiff, dismissing this action in its entirety with prejudice.

This ruling renders moot ECF Nos. 2 and 8. The Clerk shall remove those motions, as well as ECF No. 10, from the Civil Justice Reform Act Motions report.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**